NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURINDER SINGH, | No. 23-1292 |
| Petitioner, | Agency No. A216-276-002 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2024**
San Francisco, California

Before: CALLAHAN, KOH, and TASHIMA, Circuit Judges.
Dissent by Judge KOH.

Surinder Singh (Petitioner), a native and citizen of India, petitions for review

of a Board of Immigration Appeals' (BIA) order dismissing his appeal of an

Immigration Judge's (IJ) decision denying his applications for asylum, withholding

---

* This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. See Fed. R. App. P. 34(a)(2).

1

of removal and protection under the Convention Against Torture (CAT). He claims that the BIA's decision was clearly erroneous because there was substantial evidence supporting his claims for asylum, humanitarian asylum, withholding of removal, and protection under CAT. Petitioner further contends that the BIA failed to undertake an individualized analysis and, thus, wrongly determined that he could safely and reasonably relocate within India. We have jurisdiction under 8 U.S.C. 1252 and we deny the petition for review.[1]

An applicant bears the burden of establishing eligibility for asylum. 8 C.F.R. § 208.13(a). Our review is confined to the BIA's decision, except "to the extent the IJ's decision is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). Factual determinations are reviewed for substantial evidence while purely legal questions are reviewed *de novo*. *Ali v. Holder*, 637 F.3d 1025, 1028-29 (9th Cir. 2011). We may not reverse factual findings unless "the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); 8 U.S.C. § 1252(b)(4)(B).

**1.** The IJ found that Petitioner credibly testified that he had twice been physically attacked by supporters of a rival political party and thus was entitled to a presumption of a well-founded fear of future persecution. However, the

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

presumption of a well-founded fear of persecution may be rebutted by showing that the petitioner can reasonably relocate internally to an area of safety within the country of his nationality. 8 C.F.R. § 208.13(b)(1)(i)(B).

Petitioner asserts that the Government's proposition of a generally defined area – "outside Punjab" – is insufficient to establish proof for safe relocation. However, we have held that "the regulation does not require the government to propose a city, state, or other type of locality as the area of relocation," but recognized that "a more generally defined area will likely require a more comprehensive showing of proof that the entirety is safe for relocation." *Singh v. Whitaker*, 914 F.3d 654, 660 (9th Cir. 2019). Here, the Government submitted evidence of a large population of Sikhs located throughout the country and noted the lack of evidence suggesting that Mann Party members are attacked outside of the Punjab. The Government also presented evidence that Petitioner is educated, financially stable, and can speak multiple languages. Petitioner has not shown that the BIA's determination that the Government rebutted the presumption of a well-founded fear of persecution is not supported by sufficient evidence.

Nonetheless, Petitioner may be entitled to humanitarian asylum if he "establishes (1) 'compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution' and (2) 'a reasonable possibility that he or she may suffer other serious harm upon removal to that

3

country.'" 8 C.F.R. § 1208.13(b)(1)(iii)(A)-(B). Petitioner fails to meet this two-prong test. His beatings did not require prolonged hospitalization, and neither was carried out by government officials. *See Whitaker*, 914 F.3d at 662 (denying humanitarian asylum where applicant was beaten on several occasions by Punjabi police for being a Mann Party member). Petitioner offered no evidence suggesting that he would experience harm upon relocation outside the Punjab. Accordingly, Petitioner has not shown that the denial of his humanitarian asylum was legal error or not supported by substantial evidence.

**2.** To qualify for withholding of removal an applicant must meet a more demanding standard, compared to asylum, by providing evidence in the record establishing a clear probability of persecution. *See Barajas-Romero v. Lynch*, 846 F.3d 51, 360 (9th Cir. 2017) (noting that "the withholding statute requires applicants to prove that it is more likely than not they will be persecuted, while the asylum statute requires only a 'well-founded fear' of persecution"). Petitioner fails to meet this standard as he offered nothing in response to the Government's evidence that he can safely and reasonably relocate outside the Punjab. Petitioner has not shown that the BIA erred in denying withholding of removal.

**3.** To be eligible for protection under CAT, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). In order for harm to be

4

considered torture, the applicant must also show "(1) it must involve severe physical or mental pain or suffering; (2) that is intentionally inflicted for an improper purpose; and (3) that is carried out 'by or at the instigation of or who with the consent or acquiescence of a public official or other person acting in an official capacity'." 8 C.F.R. §1208.18(a)(1). Petitioner's two prior attacks by members of an opposing political party did not require extensive treatment and were not carried out by police or government officials.  Nor has Petitioner offered evidence that upon relocation, he is likely to be tortured by the government or with its acquiescence.  Petitioner has not shown that the BIA erred in denying his application for protection under CAT.

The petition for review is **DENIED**.

*S. Singh v. Garland*, No. 23-1292

KOH, Circuit Judge, dissenting:

I would grant the petition and remand to the BIA because, in my view, the BIA misapplied the required legal standard when it assessed whether the government had met its burden to demonstrate that petitioner can safely and reasonably relocate within his country of origin.

The Ninth Circuit has repeatedly instructed the BIA to conduct a "reasoned analysis with respect to a petitioner's individualized situation to determine whether, in light of the persons or entities that caused the past persecution, and the nature and extent of the persecution, there are one or more general or specific areas within the petitioner's country of origin where he has no well-founded fear of persecution and where it is reasonable to relocate." *Singh v. Whitaker*, 914 F.3d 654, 661 (9th Cir. 2019); *Kaur v. Wilkinson*, 986 F.3d 1216, 1231 (9th Cir. 2021) (instructing the BIA on remand to conduct a "thorough, individualized analysis of [the petitioner's] ability to relocate internally, placing the burden on the government"); *Singh v. Garland*, 97 F.4th 597, 607–08 (9th Cir. 2024).

That individualized analysis did not happen here. The BIA denied petitioner's application for asylum because, it stated, "there is no evidence in the record that any member of the Mann party has been harmed or targeted by police outside Punjab." However, as the majority recognizes, petitioner does not claim that he was

1

persecuted by the police. Rather, petitioner claims that he was repeatedly beaten, once to the point of unconsciousness, by members of the ruling BJP political party. This basic error as to the "persons or entities that caused the past persecution," *Whitaker*, 914 F.3d at 661, demonstrates that the BIA did not conduct the required individualized analysis of petitioner's case. This is a mistake of law that merits reversal.

Case law accords. We have held that the BIA's failure to address "the potential harm [opposition party] members, or other local authorities, might inflict upon [petitioner] in a new state" is error. *Whitaker*, 914 F.3d at 661. Further, the BIA's statement that there was no evidence in the record that petitioner *would* be harmed shifted the burden to petitioner to demonstrate that he will be harmed within the country of origin, which again, this court has instructed the BIA not to do. *Garland*, 97 F.4th at 608 (the agency errs when it does not "shift the burden to the government to prove that [petitioner] can safely and reasonably relocate within India."); *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1186 (9th Cir. 2020) (requiring, in the related CAT context, "affirmative evidence" that petitioner can safely relocate).

Because the BIA denied petitioner's asylum, withholding of removal, and CAT claims based upon its erroneous relocation analysis, I would grant the petition and remand to the BIA for reconsideration of the application as to all three forms of relief. I respectfully dissent.

2